82    13
105    528

## MORSE *vs.* PROPER.

In 1855, Morse conveyed by deed to his stepmother certain property for life; after her death to go to such of her children, by her then husband, as might be living at her death, . . . but if she should die without child or children or the representative of either, then to her husband in fee simple.   The deed appointed the husband trustee, with power to sell and reinvest for the purposes set forth therein.   The only child of the husband and wife was in life when the deed was executed, but died without issue and before his father or mother.   After his death, the husband made a will, by which he bequeathed to his wife all his property that he owned, "individually or as trustee for her."   He died a few days after making the will, and his widow afterwards died, leaving no child or children or representatives of either and leaving a will by which she

devised her whole estate to her sister. The grantor in the deed claims that the property constituted no part of the wife's estate, that his father had no right to transmit the remainder interest to his wife by will or deed, and that the property has reverted to him:

*Held,* that the husband took a contingent remainder in fee under the deed, and the contingency being as to the event and not as to the person, he had such an interest in the property as he could devise to his wife.

January 21, 1889.

Deeds. Remainders. Devises. Before Judge Boyn-TON. Monroe superior court. February term, 1888.

Reported in the decision.

A. D. Hammond and Wright & Stone, for plaintiff.

Robert Berner and Hall & Hammond, for defendant.

Simmons, Justice.

On the 12th of January, 1855, L. S. Morse executed a deed conveying certain real and personal property to his step-mother, Mrs. Anna Morse, for and during her natural life; the *habendum* and *tenendum* clause of the deed being as follows:

"The said Anna Morse to have and to hold said house and lot and said negroes and their increase, during her natural life, for her sole and separate use and benefit, free from the debts and liabilities of her husband, the said Oliver Morse, either heretofore made or hereafter contracted; and after the death of the said Anna Morse, I give said property real and personal, and its increase, to such of the children of the said Anna Morse by her present husband as may be living at her death, and the representatives of such as may be dead, in fee, the representative to take the share their deceased parent would have been entitled to, had he or she been alive; but if the said Anna Morse should die without child or children or the representative of either, then the whole of the above named prop. erty, with the increase, I give unto the said Oliver Morse in fee simple."

The deed appointed Oliver Morse trustee, with power to sell and reinvest for the purposes set forth. Oliver and Anna Morse had, at the time of the execution of this deed, a son, Daniel Morse, who was born on the 1st of January, 1854, and died on the 18th of July, 1868, and at his death was the only child; and none other was born to them. Daniel died without issue, and before his father. The trustee sold the property conveyed by the deed, and reinvested the proceeds in real estate, taking deeds thereto in his name as trustee; and at his death he had on hand a certain dwelling-house and a storehouse and fifty acres of land. After the death of Daniel Morse, the child, on the 18th of July, 1868, Oliver Morse, on the 5th of August, 1868, made a will, by which he bequeathed to his wife, Anna Morse, " all and every interest, claim or title, either present or in expectancy, and all my real estate that I own individually, or as trustee for her." Oliver Morse died in a few days after making this will. Anna Morse lived until the 18th of November, 1887, when she died, leaving no child or children or representative of child or children, and leaving a will in which she bequeathed all her property of every character to her sister, Mrs. Sarah Proper, and making Mrs. Proper her executrix. Mrs. Proper undertook to carry out the will and to administer upon the property above described; and L. S. Morse, the grantor in the deed to Mrs. Anna Morse, filed a bill claiming that the property constituted no part of Mrs. Morse's estate, and that his father had no right to transmit the remainder interest to his wife by will or deed; that the remainder interest was " gone forever," and the property reverted to him, the original grantor : and that Anna Morse had no right to convey said property in her will to her sister, Mrs. Proper. He prayed an injunction restraining Mrs. Proper, the executrix, from

interfering with his rights touching the property, and from exercising control or management over it; and prayed for the appointment of a receiver, etc.

The defendant answered the bill, and claimed the absolute title to the property in dispute, under her sister's will. She insisted in her answer that Oliver Morse had such an interest as he could dispose of by will, and that he devised it to his wife, Anna, and that Anna devised it to her, and that her title to and ownership of the property were absolute. The chancellor refused the injunction prayed for by L. S. Morse, and the complainant excepted.

. The question for decision in this case is, whether Oliver Morse had such an interest in this property at the time of his death, in 1868, as he could transmit by will to his wife. If he did have such a devisable interest, having devised it to his wife, and his wife having devised it to her sister (the defendant in error here), the chancellor was right in refusing the injunction. It will be remembered that the deed from L. S. Morse to Anna Morse gave her this property for and during her natural life, and after her death it was to go to her children or the representatives of the children; and in case she died leaving no children or representatives of children, the property was to go to Oliver Morse in fee. In our opinion, Oliver Morse, under this deed, took a remainder interest in this property. Was it a vested or a contingent remainder? The plaintiff in error contended that it was a contingent remainder, and that the contingency was as to the person, and therefore Oliver Morse, under §2266 of the code, had no such interest in the property as he could devise to his wife. Counsel for the defendant in error contended (1) that Oliver took a vested remainder, under the deed made in 1855, but that if it was a contingent remainder, the contingency was as to

Morse *vs.* Proper.

the happening of an event, and not as to the person, and therefore he had a right to devise it. This case was ably argued by counsel on both sides, and we have given it a great deal of consideration, and we think that Oliver Morse had such an interest in this property as he could devise to his wife ; and therefore the chancellor was right in refusing the injunction. We think that under the deed he took a contingent remainder, and the contingency was as to the event, and not as to the person. The language of the code on this subject is as follows, §2265 : "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen." §2266: "If the remainderman dies before the time arrives for possessing his estate in remainder, his heirs are entitled to a vested remainder interest, and to a contingent remainder interest when the contingency is not as to the person but as to the event." The deed in this case declares that "if the said Anna Morse should die without child or children or the representative of either, then the whole of the above named property, with the increase, I give unto the said Oliver Morse in fee simple." We think the contingency depended on the event of Anna Morse dying without children or the representative of children. The deed means, in our opinion, that in that event, or in that case, or when that particular thing should happen, Oliver Morse should take the property in fee. There was no uncertainty as to who should take if there were no children or representative of children living at the time of .her death. The person to take in that event was certain, and was fixed by deed. In case there were no children or representatives of children living at the

time of Anna's death, the deed points unerringly to the person who would take, and declares that he should take in fee simple, which, under our law, means not only himself but his heirs and assigns. If the deed had said that in case Mrs. Morse died without children or representative of children, then to the heirs or right heirs of Oliver Morse, the person to take in that event would have been uncertain; or if it had said, in case of Mrs. Morse dying without children or representative of children, to the heirs of John Smith, the persons to take would have been uncertain; but as we have said before, the deed does not leave it uncertain who is to take in the event she died without children or representative of children. It seems that in that case, Oliver Morse is to take in fee simple. Oliver Morse having a contingent remainder interest in this property, did he have a right to dispose of it by will to his wife? We think he did. The old doctrine was, that contingent remainders were not devisable by the person entitled thereto; but that doctrine was abandoned many years ago, and it is now held almost universally that a contingent remainder is devisable where the contingency is not as to the person but as to the event. Indeed, that is the principle announced in our code, §2266. That section declares that if the remainderman dies before the time arrives for possessing his estate, his heirs are entitled to a contingent interest, when the contingency is not as to the person but as to the event. If the contingency be as to the person, and that person be not *in esse* at the time when the contingency happens, his heirs are not entitled. It is contended by counsel for the plaintiff in error that the latter part of this section controls the case; but we think we have shown that the contingency was not as to the person, but as to the event; and therefore the latter part of the section does not apply to this case.

Counsel for the defendant in error cited the case of Loring *vs.* Arnold, 8 Atlantic Rep. 335, (Supreme Court of Rhode Island) the facts of which case, we think, are exactly the same as in the case now under consideration. In that case, it appears that Thomas Whipple died in 1843, leaving a will by which he devised certain real estate to his son James, "for and during his natural life, and at his decease, if he should leave any lawful child or children, then to them, their heirs and assigns forever; but if he should die without leaving any lawful child or children, then my will is that the same shall descend and be divided equally among his brother T., his sisters G., M., S., A., and J. A. B., to them, their heirs and assigns forever." J. A. B. died in Illinois, in 1881, leaving by will all her estate in Rhode Island to C. E. B. James died in 1885, leaving no wife or children. It was held that J. A. B. had a contingent remainder; and that although this contingency was not determined until after the death of J. A. B., yet the person who was to take being certain, the interest was descendible and devisable. So also in 2 Leading Cases in the American Law of Real Property, 374; Buzby's Appeal, 61 Pa. 111; Chess's Appeal, 87 Pa. 362; Fearne on Rem., 7 ed. 364-5; 4 Kent, 264; 2 Washb. Real Prop. 522.

The case of Jackson *vs.* Waldron, 13 Wendell, 178, relied on so strongly by the plaintiff in error, was overruled in the case of Miller *et ux. vs.* Emmons *et al.*, 19 N. Y. 384. The decision in the case of Morehourse *vs.* Wainhouse, decided in 1767 and reported in 1 Blackstone's Reports, also relied on by the plaintiff in error, was put upon the peculiar circumstances of that case, and the facts of that case are different from the facts in this.

Judgment affirmed.