In re HASLETT.

(District Court, N. D. Georgia. April 23, 1902.)

No. 751.

1. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—VESTED REMAINDER.
   Under the law of Georgia, a deed of real estate to the wife of the grantor, and the children born, and to be born, of the marriage, "to be held by his said wife and his said children, respectively, according

---

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 223.

to the tenures herein defined as to each of them," to have and to hold the same to the use of the wife during her life, and at her death to pass to the children then living, and the descendants of any deceased, per stirpes, where there were children living who could take at the time of its execution, created in them a vested remainder, which could be conveyed by them or levied on and sold, and upon the bankruptcy of one during the lifetime of his mother his interest in the property passed to his trustee.

In Bankruptcy.

Mayson, Hill & McGill and Lee J. Langley, for bankrupt.
O. E. & M. C. Horton, for petitioning creditors.

NEWMAN, District Judge. Samuel D. Haslett, in 1882, made a deed by which he conveyed certain real estate, in consideration of love and affection, to his wife, Georgia Ann Haslett, for life, and after her death to their children. The provision of the deed was that, if it should become necessary or greatly to the advantage of both the holder of the life estate and the remainder interest to do so, the life tenant, Georgia Ann Haslett, was authorized to sell and reinvest in other real estate, and for that purpose she was made trustee for her children. Samuel D. Haslett died, and subsequently thereto R. V. Haslett, one of the children of Samuel D. and Georgia Ann Haslett, filed a petition in bankruptcy.

The question now presented is whether R. V. Haslett's remainder interest in the real estate in question should be scheduled as part of his assets in bankruptcy. It must be determined, of course, by the laws of the state. It would seem that under the law of Georgia R. V. Haslett took a vested remainder in the property in question. Code Georgia, § 3100. If a vested remainder, it could be conveyed, and is subject to levy and sale, such sale carrying the title of the remainderman, but not authorizing any interference with the possession of the life tenant. Wilkinson v. Chew, 54 Ga. 602. Even if this be a contingent remainder, the contingency is as to an event, and not as to the person, and under the decisions of the supreme court of this state the same result would seem to follow. Morse v. Proper, 82 Ga. 13, 8 S. E. 625; Collins v. Smith, 105 Ga. 525, 31 S. E. 449. If the bankrupt's remainder interest in this real estate could have been conveyed, and levied upon and sold, then it passed to the trustee in bankruptcy upon his appointment and qualification. The bankruptcy act of 1898, § 70, provides:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

The referee having taken a contrary view of the matter when he had it under investigation, and his finding having been certified to the court, it is now referred back to him, with instructions to cause the trustee to take suitable action in accordance with the views herein expressed.

### On Rehearing.

### (May 24, 1902.)

On the 23d day of April, 1902, a brief opinion was filed in this matter, holding that the bankrupt either had an undivided vested remainder interest in the real estate in question, or at least a contingent remainder interest, the contingency being as to the event, and not as to the person; that he could dispose of the same, and that it could be sold as his property; and consequently, either being true, it should be scheduled in the bankruptcy proceedings for the benefit of his creditors. Since this decision was made an application has been made for rehearing, and the question as to the character of the remainder created by the deed of Samuel D. Haslett to his. wife and children has been fully and carefully argued. Since the argument I have re-examined the matter, and have gone as fully as I have been able, and certainly to such extent as would be profitable, into the interesting question involved.

The portion of the deed in question which is material here is as follows:

"Georgia, Fulton County. This indenture, made and entered into this the 15th day of Feb., in the year of our Lord one thousand eight hundred and eighty-two (A. D. 1882), between Samuel D. Haslett of the first part, and Georgia Ann Haslett, wife of said Samuel D. Haslett, and the children born and to be born of said Georgia Ann Haslett by said Samuel D. Haslett begotten, of the second part, all ·of said parties being in the city of Atlanta, said county and state, witnesseth that the said Samuel D. Haslett for and in consideration of the sum of ten dollars to him in hand paid at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, and for the further consideration of his natural love and affection for his said wife and children, hath this day given, granted, bargained, sold, and conveyed, and by these presents doth give, grant, bargain, sell, and convey, to the said Georgia Ann Haslett, wife of said Samuel D. Haslett, and the children of the said Georgia Ann and Samuel D. Haslett born and to be born, as aforesaid, to be held by his said wife and his said children, respectively, according to the tenures herein defined as to each of them, the following described lots of land, with the improvements thereon, all of which lie in the city of Atlanta, Fulton county, Georgia, to wit: [Describing the land]. To have and to hold said bargained city lots to the only proper use, benefit, and behoof of said Georgia Ann Haslett for and during the full term of her natural life, during which term she shall have full right to the possession, use, and profits of all of said property, and at her death the whole of said property then remaining in the possession of said Georgia Ann Haslett shall pass to the children of said Georgia Ann Haslett begotten by said Samuel D. Haslett, including those now born and to be born, surviving their said mother, in common or equal shares; provided that, if any of said children shall have died and left a child or children surviving the said Georgia Ann Haslett, such last-mentioned child or children shall take the share or interest in said property to which its deceased parent would have been entitled if living, and said property, including any or all in which any proceeds of any sale hereinafter authorized may have been reinvested, shall be held and enjoyed by said children, and representatives of deceased children, or left to said child, if any, their heirs and assigns, in fee simple; and the said Samuel D. Haslett, although he believes the value of said city lots now well invested, and believes that the rents and profits of said lots will be sufficient to the maintenance of his said wife and children during the life of his said wife and the minority of said children, and desires, therefore, that no change of either of said investments shall be made unless manifestly necessary or to the great advantage of both his said wife and his said children, yet recognizing that

unforeseen circumstances may render it necessary for some of said property to be sold or make such a sale greatly to the advantage of his said wife and children, and having full confidence in the fidelity and capacity of his said wife, the said Georgia Ann Haslett, hereby appoints her, the said Georgia Ann Haslett, trustee for his said children, and empowers her as said trustee to convey, not only her life estate, but the remainder interest of said children in any of said property, when it is necessary to the maintenance of herself and said children, or greatly to the advantage of both the holder of the life estate and the remainder interest; provided that, if any of said property be so sold because to the advantage of said vendees, the proceeds thereof shall be reinvested in other equally valuable real estate, to be held on the same tenures and uses as that so sold; and provided, also, that said Georgia Ann Haslett shall only act as trustee for said children during their minority, and that, if she shall marry another husband after the death of the said Samuel D. Haslett, then said trust shall immediately cease and determine. And the said Samuel D. Haslett shall and will, by himself, his heirs, executors, and administrators, fully warrant and defend the title of said city lots to the said Georgia Ann Haslett for her natural life, and to the said children born and to be born of said Georgia Ann Haslett, by said Samuel D. Haslett begotten, after the term of said life tenant, their heirs and assigns, forever, by virtue of these presents."

Counsel for the bankrupt on the rehearing rely on the language in the habendum clause of the foregoing deed, as follows: "Shall pass to the children of said Georgia Ann Haslett begotten by said Samuel D. Haslett, including those now born and to be born, surviving their said mother, in common or equal shares; provided that, if any of said children shall have died and left a child or children surviving the said Georgia Ann Haslett, such last-mentioned child or children shall take the share or interest in said property to which its deceased parent would have been entitled if living." The contention is that the property was to go to such of the children of Samuel D. Haslett and Georgia Ann Haslett as should survive their mother, and that, this making an uncertainty as to the person who should take, it is only a contingent remainder, and the title would not vest in the children until the death of their mother.

It is very doubtful, in view of the language in the other portions of the deed, if it should be given this construction. In the premises of the deed the language used is, "sell and convey to the said Georgia Ann Haslett, wife of said Samuel D. Haslett, and the children of the said Georgia Ann and Samuel D. Haslett, born and to be born as aforesaid, to be held by his said wife and his said children, respectively, according to the tenures herein defined as to each of them." Under the usual rule, the language of the premises would control over the habendum clause; yet we should seek for what the grantor really intended. If we examine the provision of the deed with reference to sale and reinvestment, in the event it should become necessary, it seems entirely clear that the grantor thought he was creating an estate in the nature of a vested remainder. But assuming it to be true that the deed was to Mrs. Haslett and such of her children as should survive her in equal shares, and to descendents of children per stirpes, then did this deed create a vested remainder?

Counsel for the bankrupt rely somewhat on the case of Sharman v. Jackson, 30 Ga. 224. I do not think that case is an authority favorable to the bankrupt's contention, but the contrary. The deed in that case conveyed to one for life, and at his death to be evenly divided

among the "heirs of the body" of the life tenant. Judge Lyon, in delivering the opinion of the court, holds that it is not necessary to construe the language there used as synonymous with children, and concedes that if it should be so construed it would be a vested remainder. He says in the opinion:

"It would be a most forced construction to say that, after the death of her son, the tenant for life, she intended the property to pass away from his family and go to strangers. But this would be the result were we to hold that the words 'heirs of the body' are here synonymous with 'children,' and that they took vested remainders transmissible to their legal representatives."

But the case mainly relied on by counsel for the bankrupt is the case of Cushman v. Coleman, 92 Ga. 772, 19 S. E. 46, and it must be conceded that the case is not without weight in his favor. If it is to the effect claimed for it by counsel for the bankrupt, it seems to me to be out of harmony with the other decisions of the supreme court of the state. The clause in the deed which was being construed by the supreme court was as follows:

"To have and to hold all of said bargained premises, together with all and singular the improvements, rights, members, and appurtenants to the same in any wise appertaining, to him, the said Eugenius A. Nisbet, and his heirs, forever, in fee simple, in trust for the sole and separate use of Mrs. Sarah C. Cowles, wife of said Jerry Cowles, during her natural life; and at her death in trust to be equally divided between such children of her, said Sarah C. Cowles, and her present husband, Jerry Cowles, as may be in life at her death, and the representatives of any one or more of said children, if any, as may have died before the decease of her, the said Sarah C. Cowles; and the title to the said bargained premises, for the uses and trusts hereinbefore specified, I do hereby warrant and defend unto him, said Eugenius A. Nisbet, and his heirs, forever, against the title and claim of myself, my heirs, executors, and administrators."

As to what was decided by the supreme court the syllabus (2) will show:

"A deed conveying to a named trustee, 'and his heirs, forever, in fee simple, in trust for the sole and separate use of' a married woman 'during her natural life, and at her death in trust to be equally divided between such children of her and her present husband as may be in life at her death, and the representatives of any one or more of said children, if any, as may have died before' her decease, passed the fee in the premises described to the trustee; and the persons who were to take in remainder being uncertain, and it not being ascertainable who they would be until the death of the life tenant, the remainder was contingent, and could not become vested until her death."

Judge Lumpkin in the opinion says:

"We will not undertake to compare with the present case the large number of cases involving similar questions, heretofore passed upon by this court. It is not improbable that some expressions to be found in previous opinions may not harmonize perfectly with all that is said in this opinion; but we are not aware of any former ecision of this court which necessarily, in any material particular, conflicts with what is here ruled. The truth is that in construing wills and deeds each case must, to a large extent, stand upon its own merits. The ever-varying language used in instruments of this character causes each to differ in a greater or less degree from most others. Therefore it would not, we think, be profitable to exhibit side by side the various cases, and endeavor to distinguish them from each other or from the case at bar."

Much stress was evidently laid in this case upon the fact that there was a trustee for both the life tenant and the remainder-men by the terms of the deed. In the opinion this is said on that question:

"The legal fee should never be held to be in abeyance except when necessary, and we therefore think the proper construction of the deed before us requires us to hold that it clothed the trustee with full title, and that as to the remainder-men it should be considered as abiding in him until, upon the death of the life tenant, the identical persons who were to take and enjoy the remainder would be definitely ascertained. Up to that time, therefore, the trust was executory, and the remainder was an equitable, and not a legal, estate. This view, in our judgment, is perfectly consistent with good law and sound common sense."

It is the universal rule in Georgia and elsewhere that courts will incline to hold remainders vested. Clanton v. Estes, 77 Ga. 352, 1 S. E. 163. This has been held in a number of cases in Georgia, as is stated by Judge Blandford in Legwin v. McRee, 79 Ga. 430, 4 S. E. 863, in this language: "The courts will always hold remainders to be vested when under the law they can do so. This is the policy of our law." Indeed, it is now a provision of the Code of the state (section 3104, Code 1895):

"The law favors the vesting of remainders in all cases of doubt. In construing wills words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears."

Under the decisions of the supreme court of the United States there is very little doubt, under the authorities, that the children of Mrs. Georgia Ann Haslett in the case at bar took a vested remainder in this property. In Croxall v. Shererd, 5 Wall. 268, 18 L. Ed. 572, with reference to the question at issue here, this is said:

"The struggle with the courts has always been for that construction which gives to the remainder a vested rather than a contingent character. A remainder is never held to be contingent when, consistently with the intention, it can be held to be vested. If an estate be granted for life to one person, and any number of remainders for life to others in succession, and finally a remainder in fee simple or fee tail, each of the grantees of a remainder for life takes at once a vested estate, although there be no probability, and scarcely a possibility, that it will ever, as to most of them, vest in possession. Chancellor Kent says the definition of a vested remainder is thus fully and accurately expressed in the Revised Statutes of New York. It is: 'When there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate precedent estate.' It is the present capacity to take effect in possession, if the precedent estate should determine, which distinguishes a vested from a contingent remainder. Where an estate is granted to one for life, and to such of his children as should be living after his death, a present right to the future possession vests at once in such as are living, subject to open and let in after-born children, and to be devested as to those who shall die without issue."

See, also, McArthur v. Scott, 113 U. S. 341, 5 Sup. Ct. 652, 28 L. Ed. 1015.

In Olmstead v. Dunn, 72 Ga. 850, the decision of the supreme court of the United States in Croxall v. Shererd, supra, is cited as authority, as is also true in Wilbur v. McNulty, 75 Ga. 458.

In Clanton v. Estes, 77 Ga. 352, 1 S. E. 163, the supreme court construed a codicil to the will of Turner Clanton, which was as follows:

"To my wife, Mary Clanton, in addition to what I have already bequeathed and devised to her, I do hereby give, devise, and bequeath the warehouse and lot on Reynolds street, in the city of Augusta, now occupied by James M. Dye, to be enjoyed by her for life, and at her death to be equally divided among all my children then living, and the children of any one or more of my children who may previously die, the latter to take per stirpes, and not per capita."

In the opinion by the supreme court, discussing this item of the codicil, it is said:

"Under these facts and the above-recited provisions of the will of Turner Clanton, we are of opinion that James L. Clanton and his brother N. Holt Clanton each took a vested remainder in the property bequeathed to Mrs. Mary Clanton for life, and that this remainder vested in them when the will took effect, at the death of the testator. A vested remainder, according to our Code, is one limited to a certain person at a certain time or upon the happening of a necessary event. Section 2265, Code Ga. 1882, and citations. It is certainly true, in all cases of doubt, that the law favors the vesting of remainders, and in construing wills, where there are words of survivorship, these are made to refer to the death of the testator in order to vest the remainder. Code 1882, § 2269; 5 Wall. 269, 18 L. Ed. 572; Lessee of Poor v. Considine, 6 Wall. 458, 18 L. Ed. 869; Olmstead v. Dunn, 72 Ga. 850; Nelson v. Nelson, 73 Ga. 133. The bequests of the remainders in this will are much like those in the case of McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015, and it is precisely similar if grandchildren, instead of wife, be substituted as the life tenants. It was there held that the children of the life tenants took vested remainders subject to open and let in those born after testator's death, and subject to be devested as to any remainder-man who died before the termination of the particular estate leaving issue. In discussing the question of contingency, the court, on page 381, 113 U. S., and page 662, 5 Sup. Ct., 28 L. Ed. 1015, says: 'The direction that if any grandchild shall have died before the final division, leaving children, they shall take and receive per stirpes their share of the estate, both real and personal, which their parent would be entitled to have and receive if then living, was evidently intended, and wisely too, to provide for children of a deceased grandchild, and not to define the nature, as vested or contingent, of the previous general gift to the grandchildren, and its only effect upon that gift is to devest the share of any grandchild, deceased, leaving issue, and to vest that share in such issue.' James L. Clanton was in life when the will was made and at the death of the testator, and was therefore capable of taking at the death of the testator. The person to take was thus made certain; the event on which he was to enter into possession was also certain, viz., the death of the life tenant. He was then in life, and the contingency had happened which was to vest the remainder in him, and thus cut off the ultimate remainder to his children. The precise point in issue here is determined by the following cases: Franks v. Berkner, 67 Ga. 264; Bailey v. Ross, 66 Ga. 354; Doty v. Wray, 66 Ga. 153; Jones v. Crawley, 68 Ga. 175; Wilbur v. McNulty, 75 Ga. 458; Nelson v. Nelson, supra; Ford v. Cook, 73 Ga. 215; Mathews v. Paradise, 74 Ga. 523; Lufburrow v. Koch, 75 Ga. 448. These cases and others cited on the exhaustive brief of counsel for defendant in error demonstrate, as we think, that James L. Clanton, who was in life when the will was made and at the time of the death of the testator, and also at the death of the life tenant, took a vested remainder in the property in question, and, all the other conditions of the will having been fulfilled, he took an absolute indefeasible estate in fee to the remainder bequeathed to him. This being the case, his interest was leviable to satisfy the lien of the judgments, which were not proved in bankruptcy, as has been frequently decided by this court. See Jeffries v. Bartlett, 75 Ga. 230, and other cases cited in brief of counsel."

It will be perceived from the language of the codicil in the above case that there was no question there that the devise was to the children of Mary Clanton living at the time of her death, and, notwithstanding that, the decision of the supreme court is as has been quoted.

The cases of Morse v. Proper, 82 Ga. 13, 8 S. E. 625, and Collins v. Smith, 105 Ga. 525, 31 S. E. 449, were referred to in the opinion heretofore filed in this case.

In view of the general trend of the decisions of the supreme court of Georgia pertinent to the question here, I think it only fair to assume that the decision in Cushman v. Coleman, supra, as has been stated, rested largely on the fact that the legal title vested in the trustee, and that the trust was executory, and for that reason an estate did not vest at once in the remainder-man. I think no other conclusion can be reached consistently with other decisions, with the statutes of the state, and with the universally recognized rule that the courts will always favor the vesting of remainders when the language of the instrument will admit of that construction.

Taking the deed of Samuel D. Haslett in its entirety, it is perfectly clear to my mind that he thought he was conveying this property, when the deed was executed and delivered, to his wife and children, the conveyance to the children to take effect at once, carefully preserving his wife's right of possession and enjoyment of the estate during her life.

Without elaborating it, it may be stated, in addition, that the true doctrine seems to be that referred to in the quotation from Croxall v. Shererd, supra, that a vested remainder is created "when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate precedent estate." In the case at bar the language of the deed shows that there were children then born who would have taken had Georgia Ann Haslett died at any moment after the execution and delivery of the deed. Consequently that rule applied in this case would make this a vested remainder.

I am satisfied, therefore, after this careful re-examination of the question, that the conclusion heretofore reached is correct.