18720, 18723.   NAPIER *et al. v.* NAPIER *et al.,* and *vice versa.*

ARGUED SEPTEMBER 15, 1954—DECIDED OCTOBER 14, 1954.

*J. René Hawkins, Frank W. Bell,* for plaintiffs in error.

*Martin, Snow & Grant, Whitman & Whitman, Miller, Miller & Miller, Erwin Sibley, Cubbedge Snow, Jr.,* contra.

WYATT, Presiding Justice. The determination of all questions presented by the direct bill of exceptions in this case can be resolved by a construction of the will of Skelton Napier, and more particularly, by a construction of items one and six, set out in the foregoing statement of facts. By item one of the will, the wife of the testator was given a life estate in one-half of the property here involved, and daughter Frances A. was given the other half. Daughter Frances A. and son Thomas A., father of the petitioners Napier, were designated as the remaindermen after the life estate devised to their mother. By item six of the will, it was provided that the property devised to Frances A. and Thomas A. should, upon the death of these devisees, go to their children respectively, if any, and if none, to their grandchildren respectively. If, however, Thomas A. died without children or grandchildren surviving, his share was to go to Frances A. Napier; and if Frances A. Napier died without children or grandchildren surviving, her share was to go to Thomas A. Napier.

The only question presented by the direct bill of exceptions arises upon the rulings involved in count two of the petition. The plaintiffs in error contend that the interest which Thomas A. Napier, petitioner's father, received under the will of Skelton Napier in the three-fourths undivided interest in which Frances A. Napier held the defeasible fee was an executory interest, and that his right to possession was contingent upon both event and person, and that Frances A. had to die without children and grandchildren surviving, and that Thomas A. was required to be in life when Frances A. died. The defendants in error contend that the contingency was only as to event, and that the survival of Thomas A. was not required.

The cardinal rule in the construction of wills is to seek the intention of the testator. In the instant case, the will by item one devised certain property to Frances A. Napier; then in item six provided that "it is further my will and devise that the property herein given to my daughter shall at her death become the property of her children, if any, or of her grandchildren if no children, but if neither children nor grandchildren survive her, then it is to become the property of my son Thomas A."

This language is clear and unambiguous. It simply states that, if Frances A. dies without children or grandchildren surviving, the property is to become the property of Thomas A. No conditions are attached. The testator here drew up a complete and precise instrument. If he had intended that it should be a requirement that Thomas A. survive Frances A., he could easily have stated that the property should become the property of Thomas A. if he is then surviving, or words of similar import. He did not do so, but simply said that the property was to become the property of Thomas A.

This construction is in harmony with the general scheme of the will. It is apparent from the entire will that Skelton Napier intended that the land here involved should become the property of the children or grandchildren of Frances A. Napier and Thomas A. Napier, and he took great care to see that it did. It is clear, therefore, that he did not intend an intestacy as to the three-fourths undivided interest in the event that Frances A. died without children or grandchildren surviving after the death of Thomas A.

The case of *Morse* v. *Proper*, 82 *Ga.* 13 (8 S. E. 625) is, in all material particulars, almost identical with the instant case. It was there held that the contingency was as to event and not as to person, and that the interest could be devised by will.

It follows, therefore, that the judgment of the court below with respect to the interest of the plaintiffs Napier, Walter B. Williams, and Georgia Power Company, and all other issues involved in this case, was not error.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*