45670. TIFT et al. v. GENTNER.
(371 SE2d 391)

</div>

CLARKE, Presiding Justice.
This appeal involves the construction of the will of May S. Cole and an interpretation of a future interest created by the will. The disposition of the life estate devised to May Cole Willingham is the issue. To determine this, a knowledge of Mrs. Cole's family structure and her will provisions is necessary.

---

Mrs. Cole died in 1936. She left two daughters, but her only son predeceased her. The son, J. S. Cole, was survived by two children. In her will, Mrs. Cole provided for the children of her deceased son by establishing a trust which has since terminated and holds no place in this controversy. Mrs. Cole devised to each of her daughters, May Cole Willingham and Christine Cole Lee, a life estate in certain assets with remainder of each share going to the respective children of each daughter. The will also provides:

Should either of my said daughters die, either before or after I do, leaving no child or descendant of a child surviving her, then and in that event the share herein devised to her for life shall go to and be equally divided between my other daughter and the children of my deceased son, J. S. Cole, per stirpes. The share thus falling to my daughter for and during her natural life, with remainder as provided in subparagraphs (a) and (b) in Item 3 hereof. Should both of my said daughters die, either before or after I do, leaving no child or descendant of child surviving, then and in that event the shares herein devised to them for life shall go to and be equally divided between the two children of my said son, J. S. Cole, in trust, nevertheless as hereinafter provided.

When Mrs. Lee died in 1938, she left three children who received the assets held by her as life tenant. That event ended any connection between these assets and the will of Mrs. Cole so that portion of the estate bears no connection with this case. The other daughter, Mrs. Willingham, died in 1985 leaving no children. The assets held by her as life tenant are the subject matter of this dispute. Mrs. Willingham's executors face the problem of deciding who receives these assets and filed a petition for direction in the superior court.

Under simple circumstances, one-half of the assets would have passed to the children of J. S. Cole and the other half would be divided between the three children of Mrs. Lee. However, simplicity evaded the circumstances here because Mrs. Lee's two sons, Madison Lee and William Lee, died after their mother but before Mrs. Willingham. William Lee left no children or spouse, but Madison Lee died intestate leaving a wife but no children. His wife, Ann Gentner, now claims the share which would have been his had he survived. The trial court held for Mrs. Gentner. The appellants are the executors under Mrs. Willingham's will. This appeal involves no other portions of the estate.

The executors contend that the interest of Madison Lee extinguished upon his death because he predeceased the life tenant and left no children. Mrs. Gentner argues the law entitles her to her late

husband's interest.

During her lifetime, Christine C. Lee held a remainder interest in one-half of the life estate held by her sister, May Cole Willingham, contingent upon May Cole Willingham leaving no children. Because Ms. Lee's daughter and two sons survived her, that interest flowed to them. Therefore, Madison Lee held a contingent interest in one-sixth of the Willingham share until his death. The question is whether that interest is inheritable by his sole heir at law, Ms. Gentner.

We find the answer to the problem in OCGA § 44-6-63. This section provides that a contingent remainder limited to an event is inherited by the heirs of the remaindermen, while a contingent remainder limited as to a person is not. Limitation in this case is the death of Ms. Willingham without children. Mrs. Gentner says this is a limitation as to an event but the executors urge the court to consider the four corners of the will to discern the intent of the testatrix. They contend such a study reveals a testamentary scheme aimed at devising the estate to persons descended from Mrs. Cole. They say this leads to the conclusion that the contingency here is limited as to the person and not as to the event.

When given a facial consideration, the first sentence of the will provision in question amounts to a contingent remainder limited as to an event. *Napier v. Napier,* 211 Ga. 145 (84 SE2d 56) (1954); *Bailey v. Johnson,* 245 Ga. 823 (268 SE2d 147) (1980). The defeat of this conclusion requires a strong showing of contrary testamentary intent by consideration of the entire will. While the argument of the executors is arresting, it falls short of being compelling. We agree that the last sentence of the will provision in question demonstrates a testamentary desire that the assets contained in the life estates go to the children of the life tenants rather than collateral heirs or persons outside the family. We cannot agree that this limitation remained on the gifts once they vested in May Cole's grandchildren. We agree with the trial court that the will of May Cole fixed a limitation upon the first taker but created no further posthumous control. For this reason, we hold that this case is controlled by OCGA § 44-6-63 and that the provisions of the will do not overcome the strong statement of policy contained in that statute.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1988 —
RECONSIDERATION DENIED SEPTEMBER 28, 1988.

*Harris, Watkins, Davis & Chambless, John B. Harris, Jr., John B. Harris III,* for appellants.

*Smith, Gambrell & Russell, E. Kendrick Smith,* for appellee.