Vickers *vs.* Stone.

No. 49.—Robert H. Vickers, plaintiff in error, *vs.* Anderson Stone, defendant.

[1.] Where a testator in his Will, bequeaths his property to his wife during her natural life, and at her death, to be equally divided among all his surviving children, and the legal representatives of such as may be deceased. *Held*, that the words of survivorship, had reference to the death of the *testator*, and not to the death of the *tenant for life:* and that all the children of the testator, who were in life at his death, took vested remainders under his Will, to be enjoyed after the death of the tenant for life.

Application for the benefit of the "Honest Debtor's" Act. Issue of Fraud, in Wilkes Superior Court.    Tried before Judge Sayre, March Term, 1848.

This was an application on the part of the defendant in error, to take the benefit of the "Honest Debtor's" Act, of 1823.   The plaintiff in error as a creditor, suggested as fraud, that the schedule filed under the Act, did not contain a true statement of all the effects of the debtor; upon which issue was joined.   The facts agreed on, are as follows :

Osborn Stone, the father of the applicant, by his last will, bequeathed, " after the payment of all his just debts, to his wife Nancy, all and singular his property both real and personal, to be kept together and freely used by her, for the raising and education of the children, as well those which may be born thereafter, as those then living ; which education he wished to be good and sufficient for any business, as his Executors may judge proper, during her natural life ; and at her death, to be equally divided, among all his surviving children, and the legal representatives of such as may be deceased."   By another clause, the testator willed, "that as any of his children may come of age, or marry, they may receive such portions of his property, as his Executors, all things considered, think proper."   The widow, Nancy Stone, is still alive.   Four children survived the testator ; one of whom, Richard Stone, has since died; his brothers and sisters being his next of kin.   All of the children under Item 2nd, received a part of the estate.   The  plaintiff in *ca. sa.* as creditor, contended, that Anderson Stone, both in his own right, and as one of the legal representatives of Richard Stone, took a vested interest in re-

Vickers *vs.* Stone.

mainder, under the will of Osborn Stone ; which .position, the Court below over-ruled; and upon which decision, error has been assigned.

WM. M. REESE, & T. R. R. COBB, for plaintiff in error.

SAMUEL BARNETT, for defendant, made the following points :

1st. Our Statute makes no provision for the disposition of a remainder. *Pr. Dig.* 912, § 7. 292, § 4. 286, § 7. *Compared with English Statutes,* 7 *Geo. IV, C.* 57, § 11 (2 *Black.* 286, *note*,) § 40. (1 *Petffs. Abr.* 687,) § 22. 3 *Harr. Dig*, 1829. *N. Car. R. S. vol.* 1, *p.* 323. *S. Car. Statute quoted.*

2nd. A contingent remainder is not assignable at Common Law. *Pope vs. Whitcomb, Cond. Eng. Ch. Rep. vol.* 3, *part* 2, *page* 124. 2 *Kent*, 299, *compared with* 4 *Kent*, 261, *and notes. Jackson vs. Williams*, 1 *P. Wms.* 382, *note. Hydn. vs. Williamson*, 3 *P. Wms.* 132. 8 *Barn. and Cress.* 497. 4 *Wash.* 573. 1 *Pet. U. S. Rep.* 213.

3rd. Defendant takes no vested interest, unless as one of the legal representatives of his deceased brother. 2 *Jarm. on Wills,* 39. 1 *Mylne and Keene*, 465. 3 *Vez.* 486.

4th. The legal representatives are to be determined at the time of distribution. ' 2 *Wms. Exrs.* 818, 823. 2 *Jarm.* 53, 4, 7, 105, 616, 734. *Loy vs. Blackall*, 3 *Vez.* 486. *Butler vs. Bushnell*, 9 *Eng. Ch. Rep.* 232. *Jones vs. Colbeck*, 8 *Vez.* 38. *Bryden vs. Hewlitt*, 2. *My. and Keene*, 90. *Miller vs. Eaton, Coop.* 272. *Aiton vs. Brooks*, 7 *Sim.* 204. *Pope vs. Whitcomb*, 3 *Cond. Eng. Ch. Rep. part* 2, *page* 124.

*By the Court.*—WARNER, J. delivering the opinion.

The main question presented by the record in this case is, the construction to be given to the will of Osborne Stone, deceased.

[1.] The testator bequeathed to his wife Nancy, after the payment of his debts, all and singular his property, both real and personal, to be kept together, and freely used by her for the raising and education of his children, as well those which may be born hereafter, as those now living, during her natural life ; and at her death, to be equally divided among all his surviving children, and the legal representatives of such as may be deceased.

The Court below held the interest which the children took under the will, was *contingent* until the death of the tenant for life ; whereupon, the counsel for the creditors in the Court below, excepted, and now assign the same for error here.

Did the children of Osborne Stone, take a *contingent* or *vested* interest, under his will ?    For the plaintiff in error it is insisted, that the interest in the property under the will vested in the children, immediately on the death of the testator, subject to be enjoyed by them, on the death of the tenant for life.    The defendant in error insists, that the children did not take a *vested* interest under the will at the death of the testator, but a *contingent* interest, dependant on the death of the tenant for life ; that only such of the children of the testator as may be in life at the death of the tenant for life, will be entitled to a vested interest in the property.    The law favours *vested* remainders ; and it is an established rule, that the Court never construes a limitation into an executory devise, when it can take effect as a remainder ; nor a remainder to be *contingent*, when it can be taken to be *vested.* 4 *Kent's Com.* 203.    *Doe vs. Provost,* 4 *John. Rep.* 65.    The bequest here is, to the wife of the testator during her natural life ; and at her death, to be equally divided among all his surviving children, and the legal representatives of such as may be deceased.

To sustain the position of the defendants in error, we must add to the words employed by the testator, and instead of making him say, " at her death, to be equally divided among all my surviving children," we must understand him as saying, "at her death to be equally divided among all my surviving children, *living at the time of her death.*"

There is nothing on the face of the will going to shew, that it was the intention of the testator, that such only of his children as might be *living* at the time of the death of the tenant for life, should be the sole partakers of his bounty, to the exclusion of those who might be living at the time of his own death, but who might happen to die before the tenant for life.    On the contrary, it would seem to have been the intention of the testator, that such of his surviving children, as might be living at the time of his own death, should take under his will ; for in the second clause, he declares it to be his will, and desire, that if any of his children shall come of age, or marry, they may receive such portions of

his property, as his Executors, all things considered, may think proper. This second clause of the will, contemplates a distribution of the shares of the children, who come of age, or marry, or such portion thereof as the Executors may think proper, before the death of the tenant for life; which negatives the idea, that their interest in the property was *contingent*, and dependant on *that event*. Besides, if we were to adopt the construction contended for, as a general rule, it would cut off and defeat the rights and interests of grand-children: for if the surviving children only, of the testator, who may be living at the time of the death of the tenant for life, will be entitled, and no interest vested in the children living at the time of the death of the testator, all of the testator's children, who might happen to die before the tenant for life, leaving children, would be excluded; and consequently their issue.

This, in our judgment, would be an unnatural and harsh construction to give to the wills of testators; nor do we think such a construction is supported by law. Where the testator uses the words, to be divided among my surviving children, and there is no special intent manifested to the contrary, the words of *survivorship* will have reference to the time of the *death of the testator*, and not to the time of the death of the *tenant for life*. *Doe ex dem. of Long vs. Prigg*, 15 *Eng. Com. Law Rep.* 206. *Rose ex dem. of Vere, et al, vs. Hill*, 3 *Burrows' Rep.* 1881. *Drayton vs. Drayton*, 1 *Dessaussure's Eq. Rep.* 324. *Moore vs. Lyons*, 25 *Wendells' Rep.* 119. The same principle of construction, was recognized by this Court, in *McGinnis vs. Foster, decided at the last term at Cassville*, 4 *Geo. Sup. Court Rep.* 377. Anderson Stone, the insolvent debtor, took a vested interest in his share of the property under the will of his deceased father, Osborne Stone, and so did Richard Stone, his deceased brother, who was in life at the death of the testator. Richard Stone, having departed this life intestate, unmarried, and without issue, Anderson Stone as one of the heirs at law of his deceased brother, is entitled to a distributive share of his estate, when the same shall be duly administered; which interests ought, in our judgment, to have been included in his schedule when applying for a discharge, under the Act for the relief of honest debtors. Let the judgment of the Court below be reversed, and a new trial granted.