# 430 SUPREME COURT OF GEORGIA.

LEGWIN *et al. vs.* McREE, executor, *et al.*

By the fourth item of his will, a testator directed as follows: "I give and bequeath and devise all the balance of my estate, both real and personal and of every description, to my sister-in-law, Sarah A. McRee, to be used and enjoyed by her for and during her natural life, and at her death to go absolutely to the children of my brothers and sisters, share and share alike, by sale of my whole property " . . . :

*Held,* that the children of the brothers and sisters of the testator, who survived him and who were in life at the time of his death, took a vested remainder; and the testator's direction to his executors to sell the property and divide it equally between such children, fixed the mode in which the shares should come to them, and did not make the remainder contingent.

(*a*) The courts will always hold remainders to be vested when, under the law, they can do so.

November 22, 1887.

Wills. Estates. Remainders. Before Judge HUTCHINS. Oconee Superior Court. January Term, 1887.

The bill in this case was filed by five complainants, children of a brother and sisters of the testator, against Mc-Ree, executor of the estate, to recover their distributive shares of the proceeds of the property in the hands of the executor, claiming that, under the will (the material portion of which is set out in the decision), they were each entitled to one-sixth, the remaining sixth belonging to a daughter of a brother of testator, not a party complainant. She and the complainants were the only children of testator's brothers and sisters, who survived Sarah A. McRee, the life tenant, but there were children of his other brothers and sisters, who were in life at his death, and did not survive the life tenant. A number of these and the executor filed answers in the nature of cross-bills, setting forth their claims to share in the distribution of the estate, and alleging that the remainder interests under the will were vested; the executor praying for construction and direction.

The case was submitted to the chancellor, without a jury. He held that the will created a vested remainder, and that the children of testator's brothers and sisters who were in life at the time of his death, and not of those only who survived the life tenant, took *per capita* after the termination of the life estate; and decreed accordingly. The complainants excepted.

O. J. WALKER; A. J. COBB, for plaintiffs in error.

H. C. TUCK; B. E. THRASHER; A. S. ERWIN; B. M. JACKSON; BARROW & THOMAS, for defendants.

BLANDFORD, Justice.

Lott M. Legwin, in 1883, made his last will and testament, by which, in the fourth item thereof, he directed as follows:

" I give and bequeath and devise all the balance of my estate, both real and personal and of every description, to my sister-in-law, Sarah A. McRee, to be used and enjoyed by her for and during her natural life, and at her death to go absolutely to the children of my brothers and sisters, share and share alike, by sale of my whole property, except that portion given to Pamely Legwin, for and during her natural life, in the third item of this will, and which, at her death, I wish sold and proceeds divided among the children of my brothers and sisters, share and share alike."

The plaintiffs in error insist that, under this will, the children of the brothers and sisters of the testator did not take a vested, but a contingent, remainder.

We are of the opinion that the children of the brothers and sisters of the testator, who survived him and who were in life at the time of his death, did take a vested remainder in all this property; and the fact that he directed his executors to sell this property and divide it equally between them, share and share alike, does not make this a contingent remainder, but that was a mode in which the testator directed that these different shares should come to the remaindermen.

The case of *Foster vs. McGinnis*, 4 *Ga.* 377, is almost all fours with this, the court in that case holding that a remainder similar to this was a vested remainder. We think, furthermore, that under section 2266 of the code, this should be held to be a vested remainder.

The courts will always hold remainders to be vested when, under the law, they can do so. That is the policy of our law. And it is no stretch of the law to hold this bequest to the children of the testator's brothers and sisters to be a vested remainder. We think the judgment of the court below in so holding was right, and must be affirmed.