CROSSLEY, executrix, *et al.. v.* LESLIE, administrator, *et al.*

1. That the pleadings are copied in the bill of exceptions, accompanied by a statement that it includes all of the record, and no record is specified to be sent up independently, will not cause a dismissal of the writ of error.

2. Where an administrator filed an equitable petition for direction and for construction of a will, showing that there were no debts, and that the estate was ready for distribution, but that there were conflicting claims as to who were entitled to the distributive shares under the will of the decedent; and where the contest was between such persons; and where some of those against whom the verdict and decree were had excepted, and made all those in whose favor such verdict and decree were rendered defendants in error, and served them, but did not serve the other losing parties, upon motion such parties can be made plaintiffs in error by amendment; and a motion to dismiss the writ of error, made by the defendants in error because of the absence of such parties, will thereupon be overruled.

3. Where the bill of exceptions stated that "the representatives of J. F. Hall & Co." excepted, this in itself was not a sufficient designation of such persons; but where other portions of the bill of exceptions show to whom that designation was applied, a motion to amend by naming the plaintiffs in error more specifically, as they appeared in the pleadings therein set forth, will be allowed.

4. Where a bill of exceptions set forth the pleadings of the parties, and then stated, that no issue was submitted, except one of law involved in the construction of a will, that the presiding judge directed a certain verdict and then made it the decree of the court, and that certain named parties "except to the judgment and decree above set out, and now assign said judgment and decree as erroneous," on several grounds specifically stated, this was a sufficient assignment of error to withstand a motion to dismiss the writ of error.

5. A will devised to the wife of the testator certain land for and during her natural life, and then provided, "after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children." *Held*, that the words of survivorship applied to the death of the testator, and that the persons designated took a vested remainder interest at his death. A child of the testator who survived him could make a valid conveyance of his or her remainder interest; and although such child died before the death of the life-tenant, leaving children surviving when the life-tenant died, they would not take, as devisees under the will, a title superior to that conveyed by such child of the testator.

Argued February 8,—Decided June 11, 1908.

Petition for direction, etc. Before Judge Lewis. Greene superior court. February 15, 1907.

David Leslie died leaving a will, dated September 1, 1873, and probated in January, 1874. By the first item executors were appointed, and direction was given that the debts of the testator be paid. The second item contained the following: "I give and bequeath to my wife, Patience Leslie, the following property, viz. three hundred and forty-nine and one tenth (349.1) acres of land, more or less, it being the house tract on which I now reside, for and during her natural life, and after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children." In the same item a bequest was made to his wife of certain cattle, furniture, provisions, and farming implements, and $1,000 in cash. The third item made a special bequest to a grandson, for the use of one of the testator's daughters, and after a specified time to be divided among her children. The fourth item declared that the remainder of the testator's estate should "be equally divided among my four following named children, viz. Laura M. Leslie, Julius W. Leslie, Cynthia A. E. Crossley, and Mary C. Leslie." These were the four children of the testator other than the daughter mentioned in the third item.

The testator left the five children mentioned surviving him. At the date of the will and at the date of his death none of his children had died leaving children of their own. Three of them died during the lifetime of their mother, the life-tenant. Two of these children left children surviving them, some of whom are still in life. An unmarried daughter of the testator, who survived him but died before the death of the life-tenant, made a deed purport-

ing to convey her interest in the estate. Another daughter of the testator also died during the lifetime of the life-tenant, leaving children who survived her and the life-tenant. She also made a conveyance in her lifetime of her interest.

After the death of the life-tenant in 1905, the administrator de bonis non cum testamento annexo of the estate of the testator sold the property in accordance with the will, and filed a bill for direction and construction of the will. Those claiming under the conveyances made by two of the children of the testator, who died before the death of the life-tenant, contended, that, at the death of the testator, a remainder interest vested in his children then in life; and that therefore the deeds made by such children conveyed their undivided interests in remainder. The children of the testator's children contended that no estate in remainder vested in fee in the children who died before the life-tenant, but only a contingent remainder or defeasible fee, and that the testator's children who survived the life-tenant, and the children of such of his children as died before them, per stirpes, took the absolute remainder estate.

The bill of exceptions recited, that no evidence was introduced except the petition, and that no issue was submitted to the court except the question of law involved in the construction of David Leslie's will. The court directed a verdict to the effect that the children of the testator who were in life at the death of the life-tenant took their remainder interests in fee; that the children of those of the testator's children who died before the life-tenant took shares in remainder, per stirpes, under the will; and that those who took deeds from the testator's children who died before the death of the life-tenant acquired nothing as against the testator's children and grandchildren who survived the life-tenant. The losing contestants excepted.

*James Davison* and *W. O. Mitchell,* for plaintiffs in error.

*Samuel H. Sibley, Park & Park,* and *Walker & Roberts,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1-4. A motion was made to dismiss this writ of error. It was insisted that because the pleadings and judgment were copied in full in the bill of exceptions and no record was specified to be brought up, a dismissal should result. While the practice of including the record in the bill of exceptions is to be deprecated

and disapproved, it has been held not to require a dismissal. *Daniel* v. *Central Ry. Co.,* 119 *Ga.* 246 (46 S. E. 107). *Barnes* v. *Colquitt,* 67 *Ga.* 766, was decided prior to the act of 1889.

It was further urged that certain persons who were parties in the trial court were not served with the bill of exceptions and did not acknowledge service. The case originated in an equitable petition filed by an administrator with the will annexed, for construction of the will and direction as to payment to various persons claiming as devisees, or their heirs, or by virtue of conveyances from alleged devisees. The administrator filed the petition for direction, but was not a party in interest, save as to a prayer to be allowed the expense of the proceeding. The contest was between those claiming under the will. The verdict and decree were in favor of some and against others. All who won and were interested in sustaining the decree were made parties defendant in error and were served. Some who lost were made parties plaintiff in error, some were not. A motion was made to make the latter parties plaintiff in error if necessary. No reason appears why this can not be done. We grant the motion. *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 552 (36 S. E. 859). It did not appear that those who made transfers were warrantors.

It is further contended that some of the plaintiffs in error are designated merely as "the representatives of J. F. Hall & Co.," and that this is too vague and imperfect a statement of parties. The point is well taken; but elsewhere in the bill of exceptions it appears (from the copy of the equitable petition) who are claimed to be the representatives of J. F. Hall & Co., and the amendment proposed to the bill of exceptions states distinctly the parties. It is allowed and the point is overruled. See *Joiner* v. *Singletary,* 106 *Ga.* 257 (32 S. E. 90).

A further contention is that there is no sufficient assignment of error. It is recited, that no issue was submitted except one of law involved in the construction of the will; that the presiding judge directed a certain verdict, and then made it the decree of the court (the verdict and decree being copied); and that certain named parties "except to the judgment and decree above set out, and now assign said judgment and decree as erroneous," on several stated grounds, which attack in detail the construction put upon the will by the court. We think this is a substantial exception to

the direction of the verdict, as well as to the mere entry of a judgment or decree on it. Compare *Scarborough* v. *Holder,* 127 *Ga.* 256 (56 S. E. 293).

5. Having now passed the skirmish lines of points of practice, we reach the scene of the real conflict. The will of David Leslie contained the following clause: "I give and bequeath to my wife, Patience Leslie, the following property, viz. three hundred and forty-nine and one tenth acres of land, more or less, it being the house tract on which I now reside, for and during her natural life, and after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children." At the time of his death he had five children, none having died before him. After his death and before the death of the life-tenant, three of his children died, one childless and two leaving children. The first mentioned and one of the last made conveyances of their interests. The controlling question in the case was whether the words of survivorship in the will had reference to the death of the testator or that of the life-tenant. If the former, then each child living at the death of the testator took a vested remainder estate, which could be the subject of conveyance. If the latter, then the children of the testator took only an executory devise, or at most a remainder in fee, defeasible upon dying before the life-tenant; and in that event, children left by such a child, and surviving the life-tenant, would take in preference to his or her grantee. The presiding judge took the latter view, and this makes the question for decision.

Whether words of survivorship in a will creating a remainder after a life-estate refer to the death of the testator or to the death of the life-tenant has created no little conflict in decisions. The earlier English cases were practically unanimous in holding that such words referred to the death of the testator, unless they were expressly or manifestly made referable to some other period. Then exceptions began to be made, holding that, under the language of particular wills, it was the intention of the testators for the words of survivorship to apply to the time of the death of the life-tenant or to the time of distribution. Some of the wills considered contained expressions which might legitimately indicate such an intent by the testator; in others the grounds of differentiation from the general rule previously laid down were unsubstantial and arti-

ficial, and really indicated a desire to change the rule. In fact, now and then expressions of dissatisfaction occurred. Ultimately the exceptions and the dissatisfaction practically changed the rule in England, so that the general rule to be derived from the later English authorities is thus stated by Mr. Jarman: "In this state of the authorities one scarcely need hesitate to affirm, that the rule which reads a gift to survivors simply as applying to objects living at the death of the testator is confined to those cases in which there is no other period to which survivorship can be referred; and that where such gift is preceded by a life or other prior interest, it takes effect in favor of those who survive the period of distribution, and of those only." Of course, the testator in using words of survivorship can plainly state to what period they shall apply, but we are discussing cases open to construction, and the rule to be applied. It can not be denied that the reasoning in favor of the later rule of construction in England has strength. But the change arose after our statute adopting the common law. In America the decisions are conflicting in different States, according as they have followed the earlier or later English cases. Rulings in Georgia, Massachusetts, South Carolina, and Virginia are typical of one class; those in New Jersey are typical of the other. See Jarman on Wills (6th Am. ed.), 661, 662, et seq.; Hulburt v. Emerson, 16 Mass. 241; Hansford v. Elliott, 9 Leigh, 79; Drayton v. Drayton, 1 Dess. Eq. 324; Elliott v. Smith, Id. 499; Moore v. Lyons, 25 Wend. 120; McGinnis v. Foster, 4 Ga. 377; Vickers v. Stone, Id. 461; Clanton v. Estes, 77 Ga. 352 (1a), (1 S. E. 163); Legwin v. McRee, 79 Ga. 430 (4 S. E. 863); Fields v. Lewis, 118 Ga. 573 (45 S. E. 437); Glore v. Scroggins, 124 Ga. 924 (53 S. E. 690); Slack v. Page, 23 N. J. Eq. 238.

In this State the rule has been adopted into the code thus: "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary appears." (Civil Code, § 3104.) Does "a manifest intention to the contrary" appear in this case, so as to take it out of the rulings in former cases? In Vickers v. Stone, 4 Ga. 461, supra, the language under construction was a bequest of real and personal property to the wife of the testator, for the raising and education of his children, "during her natural life; and

at her death to be equally divided among all his surviving children, and the legal representatives of such as may be deceased." It was held that the words of survivorship had reference to the death of the testator, and not that of the life-tenant; and that the children who were in life at his death took vested remainders under his will, to be enjoyed after the death of the·tenant for life. There is no substantial difference between the language there construed and that now involved, unless the direction to sell the land and divide the proceeds furnishes a ground for a different construction. But in the same volume is another decision which negatives such a position. In *McGinnis* v. *Foster,* 4 *Ga.* 377, 380, supra, the testator created an estate for his wife during life or widowhood, and directed that, if his wife should die or marry, "a sale be made of all my property, both real and personal, and the proceeds be equally divided among my children." It was held that the children of the testator who survived him took, at his death, a vested remainder estate; and that this was not changed by the direction to sell and divide the proceeds.

These authorities are conclusive on the subject in this State, although there may be contrary rulings elsewhere as to the effect of a direction to sell and divide proceeds, as there undoubtedly are. There is nothing else in the will which is sufficient to show a manifest intention to the contrary. It is suggested that selling the land converted it into personalty; and in a few of the English decisions the former rule has been adhered to in respect to realty, though changed as to personalty. But there seems to be no sound distinction, at least under the law of this State. Both realty and personalty were included in the wills construed in the cases cited from the 4th *Georgia Reports;* and this has become a settled rule of construction. In this State, too, any estate may be created in personalty which can be created in realty. Civil Code, §3080.

It follows, from what has been said, that the bequest involved in this case created a life-estate in the wife, that the words of survivorship applied to the time of the death of the testator, and that his children then living (none having died) took a vested remainder estate. Hence a conveyance by such a child after the death of the testator carried the vested interest of the maker, and not a mere contingency or defeasible estate.

*Judgment reversed.   All the Justices concur.*