## FOSTER *et al.* v. HARDEE, administrator.

Annie W. Richardson died, leaving a will containing the following devise: "For the settlement of the succession to my means and estate after my decease, I do hereby assign, devise, dispose, and make over to my niece, Elizabeth Bailey Hardee, and my nephew, Cosmo Richardson Hardee, both residing in Savannah aforesaid, in equal shares, and. to their respective issue equally, per stirpes, and, failing either of them having issue, then to the survivor," all of the estate "that shall belong to me at the time of my decease." Eugenia R. Foster and others filed an equitable petition, praying a construction of this provision in the will, showing that Elizabeth B. Hardee died before the testatrix died, unmarried and without leaving issue, and that petitioners were the next of kin and the heirs at law of the testatrix, and contending that the legacy to Elizabeth Hardee lapsed; that the property devised reverted to the estate of the testatrix, and that petitioners as heirs at law of the testatrix took the property devised to Elizabeth Hardee. Cosmo R. Hardee, administrator with the will annexed, filed a general demurrer to the petition. *Held,* that the court below did not err in sustaining the demurrer on the ground that petitioners had no rights under the will which they sought to have construed.

JANUARY 11, 1911.

Equitable petition. Before Judge Charlton. Chatham superior court. January 11, 1910.

*Oliver & Oliver,* for plaintiffs.   *R. R. Richards,* for defendant.

BECK, J.  Eugenia R. Foster and Mrs. S. E. Gabbett filed an equitable petition praying a construction of the will of Annie W. Richardson, and especially of this provision of the will: "For the settlement of the succession to my means and estate after my decease, I do hereby assign, devise, dispose, and make over to my niece, Elizabeth Bailey Hardee, and my nephew, Cosmo Richardson Hardee, both residing in Savannah aforesaid, in equal shares; and to their respective issue equally, per stirpes, and, failing either of them having issue, then to the survivor," all of the estate "that shall belong to me at the time of my decease," charged with certain conditions named in the will.  The petitioners alleged that they were the heirs at law of Annie W. Richardson, that Elizabeth B. Hardee, named as devisee in the will, died before the testatrix, unmarried and without leaving issue, and that petitioners were the next of kin and the heirs at law of the testatrix; and contended that the legacy to Elizabeth B. Hardee lapsed and the property devised to her reverted to the estate of Annie W. Richardson, and that petitioners as next of kin and heirs at law took the property so devised to Elizabeth Hardee.  Upon general demurrer filed by Cosmo R. Hardee, the court dismissed the petition; to which ruling the petitioners excepted, bringing the case here for review.

The plaintiffs in error can take nothing unless there was a lapse of the legacy so far as concerns the share of Elizabeth B. Hardee and an intestacy as to such share.  In that event they would take as heirs.  A number of very interesting questions are involved which might be discussed; such as, whether the legacy was to a class or not; or what would have been the status if Elizabeth B. Hardee and Cosmo R. Hardee had both outlived the testatrix, and had had issue; or whether the devise to Miss Elizabeth B. Hardee and to Cosmo R. Hardee in equal shares and "to their respective issue equally per stirpes," standing alone, would have created an estate tail.  But it is unnecessary to determine these various questions; because, as a matter of fact, Elizabeth B. Hardee died before the testatrix died, leaving no issue.  The exact question, therefore, is, in this status of affairs, did the legacy as to that share of the estate lapse, or did it vest under the terms of the will by reason of the survivorship of Cosmo R. Hardee?  Sections 3330 and 3331 of the Civil Code, dealing with lapsed legacies and the results of lapses,

apply in cases where there is an absolute legacy, without more, and a lapse; but they in no way restrict the power of a testator to provide what shall become of his estate in case of the death of a legatee named in it.   There is no illegality in a testatrix devising property to A and providing that if the devisee should die before him the property should vest in B.   This is no more than saying that a testator can make a devise upon a contingency, and can provide that if that contingency does not happen the property shall pass to another devisee.   Suppose that the testatrix in this case had said, in terms, that the estate devised to Elizabeth B. Hardee, in case of her death before the testatrix, should pass to Cosmo R. Hardee; it is perfectly plain that she would have had the power and right to do so.   Instead of this she said that in case Elizabeth B. Hardee died before Cosmo R. Hardee, leaving no issue, Cosmo R. should take the entire estate so devised.   Whether the word "survivor" is applied to the death of the testatrix, as is held by a number of courts (see *Crossley* v. *Leslie*, 130 *Ga.* 782 (61 S. E. 851), and cases cited, and Civil Code, § 3104, which deal with the vesting of remainders), or whether the word "survivor" be extended so that it would have applied had both Elizabeth B. Hardee and Cosmo R. Hardee outlived the testatrix, is not material in the present inquiry; because they did not both outlive the testatrix, but Elizabeth B. died before the testatrix, leaving no issue.   Whether the words of survivorship would have extended beyond the date of the testatrix's death or not, it is certain that as to what transpired before her death she provided in effect for a survivor at her death.   This expression evidences the fact that she contemplated the possibility of a death occurring before her own.   And this construction is emphasized by the further use of the words, "and failing either of them having issue, then to the survivor or the issue of the survivor." Where a testator devises property to A, and, in case of his death before that of the testator, to B, the simplest form of a substitutionary legacy is exhibited.   In other words, one who owns property and desires to provide for its passage upon his death can devise it to A, with a provision that if A is not then living it shall go to B; he thus substitutes B as the devisee in the place of A if A be not living, and B takes as a substituted legatee and not by succession from A. So, if the testator provides for a devise to A and B, or to that one which shall survive if one dies before the testator, the survivor at

the testator's death takes the estate. Omitting any discussion as to the use of the word "issue" in connection with Elizabeth B. Hardee and whether its use would have created in her, had she lived, an estate tail under the terms of the English law and therefore a fee simple under the Georgia law, or whether it would have created a more limited estate at the death of the testatrix,—she neither lived nor did she have issue; so that no estate could take effect in her or in her issue. But the testatrix provided in that event, and in case of the survivorship of Cosmo R. Hardee, how the estate should vest. If a testatrix could not do this, then, every time a legatee mentioned in her will should die, she would be compelled to make a new will or a codicil, and would be debarred from making a carefully drawn will providing for contingencies which might occur. Intestacies are not generally favored in construction. But, without invoking this rule, we are of the opinion that the intention of the testatrix in the present case was not to provide for an intestacy in case of death of Elizabeth B. Hardee without issue, but to provide how the estate should pass in that event. If there was no lapse of legacy, and consequently no intestacy as to the property devised in the will, the plaintiffs had no standing in court, and the demurrer to their petition was properly sustained. Cosmo R. Hardee took an estate. There is no controversy before us by any person having an interest, and therefore entitled to raise it, as to whether his estate is absolute or limited by the use of the word "issue" in connection with him. It is immaterial to the plaintiffs whether his estate is one in fee simple or not; they have no interest and can take nothing.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*