MENDEL *v.* STEIN, guardian, *et al.*

BECK, J. A testator by certain provisions of his will created a life-estate in certain property in his wife, who survived him. In a subsequent item of his will there was the following provision: "I desire and direct that after my youngest child shall have attained the age of twenty-one years, provided my wife be dead, that then my estate shall be equally divided according to the laws of distribution of the State of Georgia, share

and share alike, a child or children of a deceased child to represent it or their parent and to take 'per stirpes,' no division to be had except in case of my wife's death." The testator left surviving him his widow, three daughters, and a son (the youngest), who died before the death of his mother, and left a daughter. After the death of the testator's widow, an execution based upon a judgment against the son was levied upon one fourth undivided interest in the property, upon the theory that the son had a vested-remainder interest in the property left by his father. The court held that the son did not take a vested-remainder interest, but on the contrary had only a contingent-remainder interest, the contingency being his surviving his mother and attaining the age of twenty-one years. *Held*, that under the ruling in the case of *Crossley* v. *Leslie*, 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703), which followed the case of *Vickers* v. *Stone*, 4 *Ga.* 461, the son took a vested-remainder interest in the property levied upon; and a holding to the contrary was error.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 17, 1915.

Claim. Before Judge Charlton. Chatham superior court. March 23, 1914.

*E. H. Abrahams* and *Osborne & Lawrence,* for plaintiff.

*Adams & Adams,* contra.