## SPEER *et al. v.* ROACH *et al.*

In the 15th item of his will a testator devised certain property to one of his children for life, and, upon his death leaving lawful child or children him surviving, the property to vest in them in fee, but, upon his death leaving no children him surviving, the property to be equally divided between six named remaindermen, children of the testator, one of whom was Nancy Ellen Roach. The sixteenth item was as follows: "If, at the time any remainder ·created by or arising under this will would vest, any one of my children now dead or dying hereafter before that time shall have no child or children living, the share of such deceased child of mine shall go to the surviving brothers and sisters, and in case one of the latter shall have died as aforesaid, leaving a child or children living at the time aforesaid, such child or children shall represent the parent per stirpe in the division. . . And grandchildren of any son or daughter of mine now dead or dying hereafter as aforesaid shall take per stirpe with the children of such son or daughter." At the death of the testator Nancy Ellen Roach was in life and had six living children. One of these children, E. W. Roach, married, and died before his mother, leaving a widow, Rena M. Roach, and a son, McDowell Roach. Subsequently to the death of Nancy Ellen Roach McDowell Roach died, and by his last will bequeathed his entire estate to his mother, Rena M. Roach. The life-tenant named in the 15th item died subsequently to the death of McDowell Roach. *Held,* that Nancy Ellen Roach took a defeasible vested remainder in the property devised in the 15th item, and upon her death˙her surviving children and grandchild, McDowell Roach, became substituted devisees and as such took the vested remainder devised to her. *Held* further, that Rena M. Roach is entitled to share equally with the five surviving children of Nancy Ellen Roach, taking one sixth interest in the remainder estate devised to Nancy Ellen Roach.

SEPTEMBER 21, 1916.

Intervention. Before Judge Pendleton. Fulton superior court. July 30, 1915.

*Anderson & Rountree,* for plaintiffs in error.

*Bryan, Jordan & Middlebrooks* and *W. R. Tichenor,* contra.

EVANS, P. J. At the time of the making of his will Alexander W. Mitchell was the father of seven children, one of whom had died leaving surviving children. The testator's surviving children were Nancy Ellen Roach, William P., Oliver E., Henry, Mary B., and Charles B. Mitchell, and his deceased child was Miriam Augusta Bridge. In his will he made separate devises to each of his children and to the children of the deceased child. He created remainder estates in the devises to three of his children, including his son Charles B., upon their respective deaths without children.

Charles B. Mitchell died without children, and the present litigation concerns the construction of the will as to the persons entitled to the property devised to him. So much of the will as is necessary is here set out: Item 8. "I give and devise to my nephew, I. S. Mitchell," certain described property, "to hold and possess the title, legal and equitable, in trust for the following purposes, to wit: After defraying expenses necessary for the care and maintenance of the property and of the trust, to apply the net annual income to the support and maintenance of my son, Charles B. Mitchell, during his natural life. My desire and intention is to insure him such certain means of support, which I can not do in any other way, because his intemperate and wasteful habits render him incompetent to manage property; and my purpose is to provide for him and restrain him as far as possible from indulgence in his intemperate habits. In addition to this purpose, I place the title to this property in the said I. S. Mitchell for the benefit of the remaindermen hereinafter named or described." Item 15. "Upon the death of Charles B. Mitchell, leaving lawful child or children him surviving, all the property devised or bequeathed to I. S. Mitchell in trust as provided in Item 11 [8?] and other items of this will shall vest in such child or children in fee, but upon his death leaving no children him surviving, said property shall be equally divided between Nancy Ellen Roach, William P. Mitchell, Oliver E. Mitchell, and I. S. Mitchell in trust for Henry A. Mitchell, as hereinbefore provided, and I. S. Mitchell in trust for Mary B. Mitchell, as hereinbefore provided, and I. S. Mitchell in trust for the children of Miriam Augusta Bridge, as hereinbefore provided." Item 16. "If, at the time any remainder created by or arising under this will would vest, any one of my children now dead or dying hereafter before that time shall have no child or children living, the share of such deceased child of mine shall go to the surviving brothers and sisters, and in case one of the latter shall have died as aforesaid, leaving a child or children living at the time aforesaid, such child or children shall represent the parent per stirpe in the division. And the said I. S. Mitchell, trustee as aforesaid, shall take the share of those for whom he is trustee as aforesaid, and hold them as provided in the several items respectively of the will creating the trust. And grandchildren of any son or daughter of mine now dead or dying here-

after as aforesaid shall take per stirpe with the children of such son or daughter."

At the death of the testator Nancy Ellen Roach, who was in life, had six children. One of these children, E. W. Roach, died before the death of his mother, leaving a widow, Rena McDowell Roach, and a son, McDowell Roach. Subsequently to the death of Nancy Ellen Roach, McDowell Roach died, leaving his mother as his sole heir at law, to whom he devised his entire estate. McDowell Roach died before the death of Charles B. Mitchell; and the sole question presented is whether the five surviving children of Nancy Ellen Roach take the interest in the property devised to I. S. Mitchell as trustee for Charles B. Mitchell, which would have gone to Nancy Ellen Roach if she had been in life, or is this interest to be divided into six parts, one of which is to fall to Mrs. Rena McDowell Roach, the widow of E. W. Roach, and sole heir at law and devisee of McDowell Roach? It is clear that if the will had stopped with the 15th item Mrs. Nancy Ellen Roach would have taken a vested remainder upon the death of Charles B. Mitchell without issue, and her children would not take as devisees under the will. The testator, however, did not intend that the fee in remainder devised to her should descend by inheritance to her heirs in case she died before her brother Charles, nor did he intend that her estate in remainder should be indefeasible, as is clearly pointed out in the 16th item. By that item the testator made an ulterior devise to the children and grandchildren of Mrs. Roach, in the event of her death before the vesting of her remainder estate. The testator's language, "and grandchildren of any son or daughter of mine now dead or dying hereafter as aforesaid shall take per stirpe with the children of such son or daughter," evinces an intention to include as devisees the grandchildren as well as the children of the testator's children.

The law prescribes certain rules for the construction of wills, and a cardinal canon is "that the court never construes a limitation into an executory devise, when it can take effect as a remainder; nor a remainder to be contingent, when it can be taken to be vested." *Vickers* v. *Stone*, 4 *Ga.* 461, 463. The law favors the vesting of remainders in all cases of doubt. Civil Code (1910), § 3680. A vested remainder may be absolutely or defeasibly vested. *Sumpter* v. *Carter*, 115 *Ga.* 893, 899 (42 S. E. 324, 60 L. R. A. 274). There

are two vestings in a vested remainder, namely, one of title and the other of possession. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643). The testator devised to the named devisees in the 15th item a vested remainder upon the death of his son Charles without children; but in the next item he limited it by imposing thereon certain divesting contingencies. So far as Nancy Ellen Roach is concerned, the divestiture of her title was to happen upon the contingency of her brother Charles's death leaving surviving children, or upon her death prior to the death of her brother Charles, if the latter should die without children. In the latter event the devise to her in remainder would not pass to her coremaindermen, for the reason that the will forbade that result if she left surviving children. Upon the death of Nancy Ellen Roach her surviving children and the child of a deceased child by the terms of the will became substituted devisees of Mrs. Roach, taking per stirpes her interest in the remainder estate created in the 15th item of the will. There was no limitation over beyond Mrs. Roach's grandchildren for any further vesting of the title after her death. So that we hold that upon the death of Nancy Ellen Roach her children and grandchildren took per stirpes a vested remainder in the estate devised to Charles B. Mitchell, subject to divestiture upon his death leaving child or children. But Charles B. Mitchell died childless, and upon the happening of that event the remainder which had vested in the child, children, or grandchildren became vested in possession. The death of the grandchild before that of Charles B. Mitchell did not have the effect to destroy his title which had vested in him on the death of Mrs. Roach, and his interest was inheritable or devisable.

There is nothing in the will of Alexander W. Mitchell to show that his great-grandson, McDowell Roach, who was in life at the testator's death, should forfeit his remainder estate upon the contingency of his death before that of his great-uncle, Charles B. Mitchell. The testamentary scheme seems to have been that if at the time any remainder would vest in possession any of the testator's children should be dead, leaving no children, then the surviving brothers and sisters were to take the part devised to that child; that if one of his children designated as remaindermen in the 15th item should die before the remainder vested in possession, leaving a child or children, then such surviving child or children

should represent his or their parent's share in the division; and further, that if there were grandchildren of any deceased child of the testator, such grandchildren should take per stirpes with the children of the testator's son or daughter; but the share of such grandchildren was not made defeasible or contingent upon their survivorship of the life-tenant. Accordingly, in the partition of the property devised to Charles .B. Mitchell for life, Rena Mc-Dowell Roach was entitled to one sixth interest in the share devised to Mrs. Nancy Ellen Roach in remainder.

*Judgment affirmed. .All the Justices concur, except Gilbert, J.,· not presiding.*