HAM, administrator, *et al. v.* JARRELL.

Where a testator, who left a wife and six children, provided in his will that the wife should be the owner of all his property until the youngest child arrived at the age of twenty-one years, or until his wife should die or marry again, provided she should die or marry before the youngest child reached the age of twenty-one years, and that all the property should be kept together until the youngest child reached the age of twenty-one years or until the remarriage of the wife, in which latter case there was to be a division equally among the wife and children immediately after such marriage, the devise was one to the children as a class, and vested, upon the death of the testator, in the members of the class living at that time; and consequently, where one of the children, a daughter, who survived the testator, died without children before the time of division arrived, her husband took by inheritance her interest in the estate.

No. 4129. APRIL 18, 1924.

Construction of will. Before Judge J. B. Jones. Hall superior court. November 15, 1923.

*Joseph G. Collins,* for plaintiffs.

*J. J. & Sam. Kimzey,* for defendant.

BECK, P. J. M. M. Ham made his will in April, 1908. He then had a wife and six children, all minors and unmarried. No children were afterwards born to him. In September, 1908, one child, Kathleen, married W. H. Jarrell. The testator died on April, 8, 1914. At his death he left his wife and his six children. His widow qualified as executrix, and took entire control of the estate, as provided by the will, until her death on December 25, 1921. On July 15, 1915, more than a year after testator died, Kathleen Ham Jarrell died, leaving her husband, W. H. Jarrell, as her sole heir at law. After the death of the executrix, E. O. Ham, the eldest son, qualified as administrator with the will annexed. Frank Ham, the youngest child, became twenty-one years of age on December 18, 1922. At that time all children were living except Kathleen Ham Jarrell, who died over seven years before. The widow had died nearly a year before the youngest child became twenty-one. After the youngest child became twenty-one years old, proceedings were filed for construction of the will.

The judge, by agreement of parties, passed upon all questions of law and fact without the intervention of a jury, and, after argument, rendered judgment construing the will. He adjudged that Kathleen Jarrell took as vested remainderman one sixth undivided interest in the estate of the testator, and that, having died without children, her interest passed to her husband, the defendant in error, as her sole heir at law. To which judgment the administrator and the other plaintiffs in error excepted.

The will before us for construction provides, in substance, in the first item, that the property of the testator is given to his wife "until the youngest child living at my death . . reaches the age of twenty-one years, or till my wife dies or marries again, provided she should die or marry before the child reaches the age of twenty-one years." Item 2 provides that all the property shall be kept together until the youngest child reaches the age of twenty-one years, or the marriage or death of the wife, and for a division at that time of the entire estate "among my children and my beloved wife, she taking in fee as much as one child." The third item

provides for a division of the property, at the time fixed, among the children and the wife in case she is alive at that time. In the fourth item the executor is designated, and provision made for the management of the estate and the use of the issues and profits and encroachment on the corpus, etc. And the fifth item provides: "If my wife should die unmarried before the youngest child living at my death or born within the usual period of gestation thereafter, I wish and direct that my oldest male child living at the death of my wife should qualify as administrator cum testamento annexo, and keep all my property together until said youngest child reaches the age of twenty-one years; and that all of said property be equally divided among my children now born and those hereafter born, if any are born after the date of signing this will, as soon after said youngest child reaches said age of twenty-one years as practical."

When did title to the property devised pass to the children of the testator? is the question in this court for decision. Plaintiffs in error contend that it did not pass until the youngest child became twenty-one years of age, and that only those then living took under the will. It will be observed in reading the will that there was no gift or devise direct to children, but title passed to them impliedly upon the direction to divide when the youngest child became twenty-one years of age. Plaintiffs in error contend that the estate of the children was contingent as to persons and estate until the youngest child became twenty-one, and that those dying before that time took nothing under the will. The devise to the children is clearly a devise to a class, and the question is as to the time of vesting the estate. 2 Schouler on Wills (6th ed.), § 1011, pp. 1167-8, and authorities cited. While there are no words in the will passing title into the children except by the division, which was to take place when the youngest child became twenty-one years of age, nevertheless the intention on the part of the testator to give a remainder to the children is clear, as clear as if a devise or gift to them had been made in express terms.

We are aware of the fact that in many of the courts of this country the doctrine is laid down that where there is no gift except in a direction to pay or transfer or divide among several persons at a future period, though the future period is annexed to the payment, possession, or acknowledgment, it is also annexed to the devise or bequest itself. They hold that in this case the direction to

pay, transfer, or divide constitutes the devise or bequest in itself, and therefore the vesting in interest is postponed, and not merely in possession or acknowledgment. That is the doctrine applicable to cases similar to this, as we find in 2 Fearne on Remainders, § 314, and it is restated in substance in numerous decisions by courts of last resort in many of the States of this country. But that rule was departed from by this court at a very early period. That departure, no doubt, grew out of a firm determination to adhere to the cardinal rule for the construction of wills, to wit, the ascertainment of the intention of the testator, and to another rule which is imposed by statute, and which this court has never been willing to weaken or depart from, the vesting of remainders at the earliest possible period. In the case of *McGinnis* v. *Foster*, 4 *Ga.* 377, the court had a will before it for construction. It was the will of Robert Foster, and the devise there construed was in the following language: "I give and bequeath unto my beloved wife, Celia Foster, all my estate, both real and personal, after my just debts and funeral expenses are paid, during her life or widowhood. In case my wife should die, or exchange her situation by marriage, it is my will that a sale be made of all my property, both real and personal, and the proceeds be equally divided among my children." It was there held: "that the children of Robert Foster, who survived him, took at *his* death a vested remainder in his estate. And that Stephen W. McGinnis, the husband of Celia, is entitled, as her administrator, to receive her share of said property, and enjoy the same without being subject to distribution." This doctrine has been adhered to in several decisions by this court. In the case of *Crossley* v. *Leslie*, 130 *Ga.* 782 (61 S. E. 851, 14 Ann. Cas. 703), the doctrine of *McGinnis* v. *Foster* was distinctly recognized, and also in the case of *Hudgens* v. *Wilkins*, 77 *Ga.* 555. We are unwilling to overturn the doctrine laid down so many years ago, which has been the rule of construction of devises similar to that before us. We cannot, without overruling the case of *McGinnis* v. *Foster*, supra, and other cases following it, rule otherwise than that under the present will the children of the testator took a vested remainder at the death of the testator, and that being true, the defendant in error, Jarrell, the husband of Kathleen Ham Jarrell, the daughter of the testator, who survived her father but died before the time of distribution, inherited his wife's share of the estate of the testator.

The writer of this opinion, though inclined to adhere to the doctrine recognized by so many courts of this country, which, as we have pointed out above, is a restatement of the rule laid down in Fearne on Remainders, yields with reluctance to the rule taken from the case of *McGinnis* v. *Foster,* supra, and the cases following that decision. His reluctance to yield grows out of the fact that the doctrine as stated in Fearne on Remainders has been so long and so generally recognized that he is of the opinion that this court ought to put itself in line with the majority of the other courts of this country, and out of the further fact that in the case of *McGinnis* v. *Foster* the learned judge writing the opinion seems to have overlooked the effect of a failure, in the will there construed, to give to the children of the testator an estate in the property other than by implication arising from the direction to divide upon the happening of a certain contingency, and the effect of this failure was not there discussed. But I yield to the authority of *McGinnis* v. *Foster* and the cases following it, and to the views of the majority of the court as at present constituted.

*Judgment affirmed. All the Justices concur.*