## HIGHTOWER *v.* HODGES.

GILBERT, J.  Enoch M. Lake, by will, devised his real and personal prop-
erty to his wife, Susannah, during her life or widowhood only, and then
provided that after the death or marriage of the life-tenant such prop-
erty should be divided among named children.  George Lake was one of
the children named as remaindermen, and he survived the testator, but
predeceased the life-tenant.  George Lake married subsequently to the
death of the testator and prior to the death of the life-tenant.  No child
was born to George Lake.  His widow brought ejectment to recover the
remainder interest of her husband in the lands of Enoch M. Lake.  An
administrator was appointed for the estate of George Lake, and in order
to pay debts application was made to the court of ordinary for leave to
sell land belonging to said estate.  The order was granted, and, after
due advertisement, the land (remainder interest in the estate of the
father) was sold.  The land was bid in by the executors of the estate
of Enoch M. Lake.  No order was applied for or granted by the judge
of the superior court, authorizing said executors to invest the funds of
the estate of Enoch M. Lake in realty.  E. P. Lake, one of the executors,
testified that the executors bought the land at the instance of the widow
of Enoch M. Lake, that her money paid for the land, and that she said
she did not want anybody but herself to have an interest in the estate.
After the introduction of evidence, the court directed a verdict for the
defendant, Hodges, who showed title under all·other remaindermen, ac-
quired after the death of the life-tenant.  There was no evidence of any
knowledge by the defendant of the claim of Mrs. Hightower prior to the
completion of his purchase of the land and the filing of the present
suit.  Mrs. Hightower does not claim title other than as sole heir of her
husband, George Lake.  The brief of plaintiff in error contains the fol-
lowing statement: "The substantial question to be decided being whether
or not the sale by Kight, administrator [of the estate of George Lake],
to Lake and Coleman, as executors [of the estate of Enoch M. Lake],
without an order from the judge of the superior court, extinguished the
title of plaintiff as a sole heir of George Lake." *Held:*

1. The interest of George Lake in the land of his father was a vested re-
   mainder, and could legally be sold for the payment of the debts of George
   Lake. *Crossley* v. *Leslie;* 130 *Ga.* 782 (5) (61 S. E. 851, 14 Ann. Cas.
   703).

2. The appointment of the administrator for the estate of George Lake, the
   application and order for sale, and the sale of the remainder interest for
   the payment of debts were all regular and lawful.

3. It is contended that the executors of the estate of Enoch M. Lake, with-
   out an order of the superior court, could not become the purchasers at
   the sale mentioned above.  The evidence·is uncontradicted that the pur-
   chase-price of the land at such sale was paid from the individual funds

of Susannah Lake, life-tenant and widow of Enoch M. Lake. Moreover, the estate of George Lake received the full purchase-price of his vested-remainder interest, which money was paid on the debts of his estate; and even if the executors of the estate of Enoch M. Lake exceeded their legal authority, such act did not injure the plaintiff and she can not complain.

4. The amendatory grounds of the motion do not show error.

5. The evidence demanded a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 6573. JULY 12, 1928.

Ejectment. Before Judge Camp. Laurens superior court. March 3, 1928.

*T. E. Hightower* and *S. P. New,* for plaintiff.

*G. H. Williams, M. H. Blackshear,* and *A. S. Bradley,* for defendant.