## 21982. GAY et al. v. GRAHAM.

ARGUED MARCH 11, 1963—DECIDED MARCH 25, 1963.

*Nelson & Nelson, Carl K. Nelson, Jr.,* for plaintiffs in error. *H. Dale Thompson,* contra.

MOBLEY, Justice. This court in a unanimous opinion in the case of *Crossley v. Leslie,* 130 Ga. 782 (5) (61 SE 851, 14 AC 703), construing language in a will practically identical to that used here, held that each child living at the death of the testator took a vested remainder estate. The language there was: "I give and bequeath to my wife, Patience Leslie, the following property, viz [describing it] . . . for and during her natural life, and after her death to be sold, and the proceeds to be equally divided between my surviving children and the children of any of my deceased children." Here, as there, upon the termination of the life estate the will directs that the property be sold and that the proceeds of the sale be divided among surviving children and children of any deceased child.

The *Crossley* case, supra, follows the two old cases of *McGinnis v. Foster,* 4 Ga. 377, and *Vickers v. Stone,* 4 Ga. 461, where this court held under similar language that children of the testa-

tor in life at his death took vested remainders under his will. The ruling in the *Crossley* case, supra, has been followed in *Mendel v. Stein,* 144 Ga. 107 (86 SE 220), and cited approvingly many times. *Munford v. Peeples,* 152 Ga. 31, 39 (108 SE 454); *Ham v. Jarrell,* 158 Ga. 77, 80 (122 SE 773); *Hightower v. Hodges,* 166 Ga. 639 (1) (144 SE 27); *Gilmore v. Gilmore,* 197 Ga. 303, 316 (29 SE2d 74); *Miller v. Brown,* 215 Ga. 148, 151 (109 SE2d 741).

The reasoning given by this court for the conclusion reached in those cases is sound, and the request of counsel that *Crossley v. Leslie,* 130 Ga. 782 (5), supra, be overruled is denied. "The law favors the vesting of remainders in all cases of doubt. In construing wills, words of survivorship shall refer to the death of the testator in order to vest remainders, unless a manifest intention to the contrary shall appear." *Code* § 85-708. This court in the *Crossley* case, supra, considered language practically identical to that used here and ruled that a manifest intention to the contrary does not appear by reason of the provision that upon the death of the life tenant, the property was "to be sold, and the proceeds to be equally divided between my surviving children . . ." Neither does "a manifest intention to the contrary" appear from any other provision of the will of Joe Frank Graham. Cf. *Shedden v. Donaldson,* 207 Ga. 77 (60 SE2d 158). The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*